IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELTON DANCER, TDCJ-CID #1075223,  Petitioner, | § § § § | |
| v. | § § | CIVIL ACTION NO. H-05-3202 |
| DOUGLAS DRETKE,  Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

Elton Dancer, an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, seeks habeas corpus relief under 28 U.S.C. § 2254. Respondent has filed an answer with a copy of the state court records, and asserts that this petition is untimely and unexhausted.

After considering the pleadings, the record, and the applicable law, the Court **DISMISSES** this case as time-barred.

### I. PROCEDURAL BACKGROUND

Dancer was convicted of driving while intoxicated under cause numbers 23948 and 26013 in the 3rd District Court of Anderson County, Texas. *Ex parte Dancer*, Application No. 62,430-01; Application No. 62,430-02. He was placed on probation, but his probation was revoked and he was sentenced to six years incarceration under each cause number on December 14, 2001. *Id.* He did not seek appellate review. His applications for state habeas review, filed on May 21, 2005, were dismissed without written order by the Texas Court of

Criminal Appeals on August 31, 2005, for petitioner's failure to comply with Section 501.0081 of the Texas Government Code. *Id.*

Petitioner filed this federal habeas petition on September 3, 2005, raising claims for improper calculation of his sentence and denial of mandatory supervised release. Respondent requests dismissal, and argues that petitioner's claims are unexhausted and barred by the AEDPA one-year statute of limitations.

**II.     ANALYSIS**

A.     Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). In this petition, Dancer attached a copy of his judgment, dated December 14, 2001, reflecting a finding that a deadly weapon was used in the offense, and that he was not entitled to credit for time served. Petitioner complains that the deadly weapon finding is erroneous and precludes him from mandatory supervised release, and that he is entitled to credit for time served prior to the judgment date. Accordingly, petitioner's own pleading shows that pursuant to 28 U.S.C. § 2244(d)(1)(D), December 14, 2001 is "the date on which the factual predicate of [his] claim or claims presented could have been discovered through the exercise of due diligence." The one-year AEDPA limitations period commenced on that date, and expired one year later, on December 14, 2002. In the alternative, the date on which the conviction became final by expiration of time for seeking direct review was thirty days after the judgment, January 14, 2002, and limitations expired one year later on January 14, 2003.

Petitioner's state habeas applications, filed in 2005, were filed after expiration of the AEDPA limitation, and did not toll limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). The record does not support any statutory or equitable tolling grounds. Accordingly, this habeas petition must be dismissed as time-barred.

B.      <u>Failure to Exhaust</u>

Respondent correctly argues that petitioner failed to exhaust his administrative remedies by not complying with the requirements of Section 501.0081 of the Texas Government Code. However, as the petition and record show that this habeas proceeding is barred by limitations, the case will be dismissed with prejudice.

## III.    CONCLUSION

Petitioner's petition for habeas relief is **DENIED** and this case is **DISMISSED WITH PREJUDICE** as time-barred. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

The Clerk is to provide a copy of this order to all parties.

Signed at Houston, Texas, on this 12th day of December, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE